# EXHIBIT A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | |
|---|---|
| DOMINIQUE POWELL & WALTER GRAFER, both individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware corporation,<br><br>*Defendant*. | 2022LA000264<br><br>**JURY TRIAL DEMANDED**<br><br>Candice Adams<br>e-filed in the 18th Judicial Circuit Court<br>DuPage County<br>ENVELOPE: 17137411<br>2022LA000264<br>FILEDATE: 3/17/2022 8:00 PM<br>Date Submitted: 3/17/2022 8:00 PM<br>Date Accepted: 3/18/2022 11:30 AM<br>JK |

**CLASS ACTION COMPLAINT**

Plaintiffs Dominique Powell and Walter Grafer (collectively, "Plaintiffs"), individually and on behalf of all similarly situated individuals, bring this Class Action Complaint against UPS Supply Chain Solutions, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

**INTRODUCTION**

1.  BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.  This case concerns the misuse of individuals' biometrics by Defendant, a global shipping and logistic company. Using biometric enabled technology, Defendant is capturing,

1

collecting, disseminating, or otherwise using the biometrics of Plaintiffs and other Class members, without their informed written consent as required by law, in order to track their time at work.

3. BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless it first:

(1) informs the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as facial geometry or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries that the Illinois Legislature sought to prevent.

8. Plaintiffs bring this action for statutory damages and other remedies as a result of Defendant's conduct violating Plaintiffs' state biometric privacy rights.

9. On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. At all relevant times, Plaintiff Dominique Powell has been a resident and a citizen of the state of Illinois and DuPage County.

11. At all relevant times, Plaintiff Walter Grafer has been a resident and a citizen of the state of Illinois and DuPage County.

12. Defendant UPS Supply Chain Solutions, Inc. is a corporation organized under the laws of the state of Delaware that conducts substantial business in DuPage County, Illinois, and is registered with the Illinois Secretary of State to transact business in the state of Illinois.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this State and is licensed by to the state of Illinois to do so. Additionally, Plaintiffs' injuries were a result of Defendant's unlawful in-state actions, as Defendant had captured, collected, stored, and used Plaintiffs' biometric identifiers and/or biometric information within this State.

14. Venue is proper in DuPage County pursuant to 735 ILCS 5/2-101, because Defendant conducts business from its facility located within DuPage County and is doing business in DuPage County and thus resides there under § 2-102, and because the events giving rise to Plaintiffs' claims took place in DuPage County.

## FACTS SPECIFIC TO PLAINTIFFS

15. Defendant is a global logistics and shipping company with locations around the world including in DuPage County.

16. From approximately December 2020 to July 2021, Plaintiff Powell worked at Defendant's facility in Bensenville, Illinois.

17. From October 2017 to April 2020, Plaintiff Grafter worked at Defendant's facility in Bensenville, Illinois.

18. During the relevant time period, Defendant implemented biometric scanning and time-tracking devices and technology to monitor and manage its workers', including Plaintiffs', time on the job. Such devices collect their users' biometric identifiers, i.e. facial geometry, and convert them to an electronic format derived from those identifiers, i.e. biometric information.

Such conversion is necessary for storing biometrics on the device itself, and to allow Defendant to transmit biometric data to third parties, such as data storage or payroll vendors.

19. Despite collecting, storing, and using Plaintiffs' biometrics for timekeeping purposes, Defendant failed to provide Plaintiffs with any written disclosures before such collection and use informing them that it was collecting or using their biometrics or explaining the purpose or length of term for which their biometrics were being collected and used. Nor did Defendant seek, and Plaintiffs did not provide, any written consent prior to Defendant's collection, use, and storage of their biometrics.

20. Though Defendant came into possession of Plaintiffs' biometrics, Defendant failed to make publicly available any written biometric retention and destruction policy.

21. In addition, Defendant disseminated electronic information derived from the scanning of Plaintiffs' biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes, without obtaining Plaintiffs' consent to do.

22. To this day, Plaintiffs are unaware of the status of the biometrics obtained by Defendant.

23. By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric privacy.

**CLASS ALLEGATIONS**

24. Plaintiffs bring this action both individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

5

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

26. Upon information and belief, there are scores, if not hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's personnel records.

27. Plaintiffs' claims are typical of the claims of the members of the Class Plaintiffs seek to represent, because the factual and legal bases of Defendant's liability to Plaintiffs and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendant's BIPA violations.

28. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to BIPA;

    b. Whether Defendant's made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

  e.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties without their consent;

  f.  Whether Defendant's conduct violates BIPA;

  g.  Whether Defendant's violations of the BIPA are willful or reckless; and

  h.  Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

29. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

30. Plaintiffs will adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel has any interest adverse to those of the other members of the Class.

31. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**<u>COUNT I</u>**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiffs and the Class)**

32. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

33. Defendant is a private entity under BIPA.

34. BIPA requires any private entity, such as Defendant, to obtain informed written consent from individuals before collecting or acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

35. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

36. Plaintiffs and the other Class members have had their "biometric identifiers," namely their facial geometry, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendant.

37. Each instance that Plaintiffs and the other Class members were required to scan their facial geometry, Defendant captured, collected, stored, and/or used Plaintiffs' and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

38. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

   a. Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

   e. Defendant failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

   f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

39. By capturing, collecting, storing, using, and disseminating Plaintiffs' and the Class's biometrics as described herein, Defendant denied Plaintiffs and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

40. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

41. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

42. Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, both individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

    e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

    Plaintiffs request a trial by jury of all claims that can be so tried.

| | |
|---|---|
| Dated: March 17, 2022 | Respectfully submitted, |
| | DOMINIQUE POWELL and WALTER GRAFER, individually and on behalf of all similarly situated individuals |
| | By: /s/ Andrew T. Heldut<br>    *One of Plaintiffs' Attorneys* |

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*