# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DOMONIQUE POWELL & WALTER GRAFER, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 22-cv-02085 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| UPS SUPPLY CHAIN SOLUTIONS, INC. a Delaware corporation, | ) ) ) ) | |
| *Defendant.* | ) | |

## PLAINTIFFS' *UNOPPOSED* MOTION FOR
## LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs Dominque Powell and Walter Grafter ("Plaintiffs"), individually and on behalf of all similarly situated individuals, through their undersigned counsel, hereby move pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a First Amended Class Action Complaint in this matter. A copy of Plaintiffs' proposed First Amended Class Action Complaint is attached hereto as <u>Exhibit A</u>. Defendant does not oppose the relief sought herein. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs initiated this action in the Circuit Court of DuPage County, Illinois on March 17, 2022. Plaintiffs' operative Complaint alleges Defendant UPS Supply Chain Solutions, Inc. ("UPS") violated several subsections of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

2. On April 21, 2022, UPS removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. (Dkt. 1).

3. Since the filing of this action, Plaintiffs and their attorneys have conducted further investigation and have gained a more complete factual understanding of the biometrically-

facilitated transactions at issue, as well as the parties involved. Plaintiffs' proposed amended complaint will substitute Snelling Employment LLC, HQ Snelling Corporation, and HireQuest Inc. as defendants for UPS, who would be voluntarily dismissed from this action.

4. Fed. R. Civ. P. 15(a)(2) provides that federal courts "should freely give leave [to amend] when justice so requires." Rule 15 should be broadly construed with a liberal presumption in favor of granting motions for leave to amend. *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004); see also *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (observing that a liberal standard for amending pleadings is the "best way to ensure that cases will be decided justly and on the merits").

5. Accordingly, "[l]eave to amend should be given freely unless there is a showing of futility, undue delay, undue prejudice, or bad faith." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 347 (7th Cir. 2015). No showing of futility, undue delay, undue prejudice, or bad faith is possible here.

6. First, granting Plaintiffs leave to file their proposed amended complaint would not be futile. This is not a case where Plaintiffs have repeatedly attempted and failed to cure deficiencies in their allegations. Rather, this is Plaintiffs' first request for leave to amend, and UPS has not yet responded to Plaintiff's initial Complaint.

7. Second, Plaintiffs have not unduly delayed in seeking leave to amend, as this case is still in its early stages, UPS has not yet filed a responsive pleading, no discovery has been conducted, and the Court has not yet ruled on class certification, ruled on any dispositive motions, or set any deadline for amending pleadings.

8. Third, permitting Plaintiffs to amend at this stage presents no risk of prejudice to any Party. UPS has not yet responded to Plaintiffs' initial Complaint or undertaken any discovery;

indeed permitting Plaintiffs' proposed amendment will result in UPS no longer being a party to this case.

9. Finally, Plaintiffs move for leave to file their attached First Amended Class Action Complaint in good faith. Plaintiffs are not attempting to amend their Complaint for any improper purpose. To the contrary, Plaintiffs request leave to amend at this early stage, prior to UPS's current deadline to file its responsive pleading, in order to conserve Party and judicial resources and promote efficiency.

10. The undersigned counsel for Plaintiffs has conferred with counsel for UPS, who indicated that UPS does not oppose the relief sought herein.

11. As such, Plaintiffs' motion for leave to file a First Amended Class Action Complaint should be granted.

WHEREFORE, for the foregoing reasons, Plaintiffs Domonique Powell and Walter Grafer, individually and on behalf of all others similarly situated, respectfully request that the Court enter an order: (a) granting Plaintiffs leave to file their attached First Amended Class Action Complaint substituting new defendants for Defendant UPS Supply Chain Solutions, Inc.; (b) dismissing UPS Supply Chain Solutions, Inc. from this matter; and (c) for such other and further relief as the Court deems reasonable and just.

Dated: May 31, 2022

Respectfully submitted,

DOMINIQUE POWELL and WALTER GRAFER, individually and on behalf of all similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiffs' Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs
and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 31, 2022, I caused the foregoing *Plaintiff's Unopposed Motion for Leave to File an Amended Complaint* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Timothy P. Kingsbury