IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE POWELL & WALTER GRAFER, individually and on behalf of all similarly situated individuals, ) ) ) ) | |
| *Plaintiffs*, ) ) | No. 1:22-cv-02085 |
| v. ) ) | Hon. Franklin U. Valderrama |
| SNELLING EMPLOYMENT, LLC, a Delaware limited liability company; HQ SNELLING CORPORATION, a Delaware corporation; and HIREQUEST, INC., a Delaware corporation, ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendants.* ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Dominique Powell and Walter Grafer (collectively, "Plaintiffs"), individually and on behalf of all similarly situated individuals, bring this First Amended Class Action Complaint against Snelling Employment, LLC ("Snelling"); HQ Snelling Corporation ("Snelling HQ"); and HireQuest, Inc. ("HireQuest") (collectively, "Defendants"), for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and scans of facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted

1

or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendants, the owners and operators of employment staffing services. Using biometric enabled technology, Defendants have captured, collected, disseminated, or otherwise used the biometrics of Plaintiffs and other Class members, without their informed written consent as required by law.

3. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

(4) make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

2

5. Defendants' biometric timekeeping system works by extracting biometric data from individuals in the form of scans of their facial geometry and subsequently using it for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information, as is the case for individuals who have provided such information to staffing agencies like Defendants.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiffs bring this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiffs' state biometric privacy rights.

9. On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendants to comply with BIPA, as well as an award of damages, including statutory damages, to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. At all relevant times, Plaintiff Dominique Powell has been a resident and a citizen of the state of Illinois.

11. At all relevant times, Plaintiff Walter Grafer has been a resident and citizen of the state of Illinois.

12. Defendant Snelling Employment, LLC is a limited liability company organized under the laws of the state of Delaware. Defendant Snelling Employment conducts substantial business throughout the state of Illinois, including in this District.

13. Defendant HQ Snelling Corporation is a corporation organized under the laws of the state of Delaware. Defendant HQ conducts substantial business throughout the state of Illinois, including in this District.

14. Defendant HireQuest, Inc. is a corporation organized under the laws of the state of Delaware. Defendant HireQuest conducts substantial business throughout the state of Illinois, including in this District.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

16. This Court may exercise personal jurisdiction over Defendants, because Defendants knowingly do business within Illinois and this District, and knowingly transact business in Illinois and in this District such that they have sufficient minimum contacts with Illinois and this District that they have purposely availed themselves of this venue to make it reasonable for this Court to exercise personal jurisdiction over Defendants, and because Plaintiffs' claims arise out of

Defendants' unlawful in-state actions, as Defendants' failed to request and receive Plaintiffs' consent to disclose their biometric information in Illinois, including in this District.

**FACTS SPECIFIC TO PLAINTIFFS**

17. Defendant Snelling Employment is a staffing and recruiting firm with 80 offices and more than 5,000 clients across the country including in Illinois.

18. Snelling Employment is a franchise of HireQuest. As Snelling's franchisor, HireQuest sets the obligatory methods and protocols for operating and managing a Snelling Staffing franchise.

19. HQ Snelling Corporation is a subsidiary of HireQuest and acquired Snelling Employment in 2021.

20. In addition to prescribing its franchisees methods and protocols regarding the management and operations, Defendant HireQuest controls all data from franchisees, workers recruited by franchisees, and applicants to franchisees.

21. Defendant Snelling Employment, LLC markets itself as "part of the HireQuest, Inc. family of companies, led by CEO and President Rick Hermanns" and has the same principal place of business as HireQuest at 111 Springhill Drive, Goose Creek, SC 29445.[1] HireQuest exercises substantial control over its franchisee subsidiaries such as Snelling Staffing, and there is substantial if not complete overlap between the management of Snelling Staffing and HireQuest. For example, Snelling's President and Chief Executive Officer, Rick Hermanns, also serves as President and Chief Executive Officer of HireQuest, Snelling's Vice-President and Chief Legal Officer John McAnnar also serves as HireQuest's Executive Vice-President and General Counsel, and

---

[1] https://www.snelling.com/about-us-staffing-companies/ (last accessed May 31, 2022).

Snelling's Chief Financial Officer, Cory Smith also serves as HireQuest's Chief Accounting Officer.[2]

22. During the relevant time period, Defendant Snelling employed Plaintiffs at a facility located in Bensenville, Illinois. Snelling's workers at the facility were required to provide scans of their facial geometries to Snelling for timekeeping and authentication purposes.

23. While Plaintiff Powell worked for Snelling at the Bensenville location from in or about December 2020 to July 2021, and while Plaintiff Grafer worked for Snelling at the Bensenville location from in or about October 2017 to April 2020, Snelling implemented biometric facial scanning and time-tracking devices and technology to monitor and manage workers', including Plaintiffs', time on the job. Such devices collect their users' biometric identifiers, i.e. scans of facial geometry, and convert them to an electronic format *derived from* those identifiers, i.e. biometric information. Such conversion is necessary for storing biometrics on the device itself, and to allow for the transmission of biometric data to third parties, such as data storage or payroll vendors.

24. Plaintiffs were required to provide biometric scans each time they clocked in and clocked out of a shift at work.

25. Though Snelling collected, stored, and used Plaintiffs' biometrics for timekeeping and access purposes, Plaintiffs were never provided with any written disclosures informing them that they were collecting their biometrics or explaining the purpose or length of term for which their biometrics were being collected. Plaintiffs never provided, or were asked to provide, written consent relating to the collection, use, or storage of their biometrics.

---

[2] https://www.snelling.com/leadership/ (last accessed May 16, 2022); https://hirequest.com/leadership-team/ (last accessed May 20, 2022).

26. Though Snelling came into possession of Plaintiffs' biometrics, Defendants have failed to make publicly available any written biometric retention, storage or destruction policy.

27. In addition, on information and belief, Defendants disseminated electronic information derived from scanning Plaintiffs' biometric identifiers to each other and third parties, including vendors for timekeeping, data storage, and payroll purposes, without obtaining Plaintiffs' consent to do so.

28. By failing to comply with BIPA, Defendants have violated Plaintiffs' substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

29. Plaintiffs bring this action individually and on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent a Class defined as follows:

> Class: All Illinois citizens whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

30. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

31. Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendants' personnel records.

32. Plaintiffs' claims are typical of the claims of the members of the Class Plaintiffs seek to represent, because the factual and legal bases of Defendants' liability to Plaintiffs and the

other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendants' BIPA violations.

33. There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants' conduct is subject to BIPA;

    b. Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

    e. Whether Defendants disseminated or disclosed the Class members' biometrics to each other and third parties without their consent;

    f. Whether Defendants' conduct violates BIPA;

    g. Whether Defendants' violations of BIPA are willful or reckless; and

    h. Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

34. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

35. Plaintiffs will adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

36. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## **COUNT I**
### **Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
### **(On behalf of Plaintiffs and the Class)**

37. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

38. Defendants are private entities under BIPA.

39. BIPA requires any private entities, such as Defendants, to obtain informed written consent from individuals before collecting or acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

40. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information make publicly available a biometric retention and destruction policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

41. Plaintiffs and the other Class members have had their "biometric identifiers," namely scans of their facial geometry, or information derived therefrom, *i.e.* "biometric information," collected, captured, or otherwise obtained by Defendants.

42. Each instance Plaintiffs and the other Class members were required to scan their facial geometry for timekeeping purposes, Defendants captured, collected, stored, and/or used Plaintiffs' and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

43. Defendants' practices with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a. Defendants failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Defendants failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  c. Defendants failed to inform Plaintiffs and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  d. Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

  e. Defendants failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

  f. Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

44. By capturing, collecting, storing, using, and disseminating Plaintiffs' and the Class's biometrics as described herein, Defendants denied Plaintiffs and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

45. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

46. Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

47. Accordingly, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: June 9, 2022

Respectfully submitted,

DOMINIQUE POWELL and WALTER GRAFER, individually and on behalf of all similarly situated individuals

By: /s/ Timothy P.. Kingsbury
*One of Plaintiffs' Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut

12

Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*